## CALIF-ASIA CO., LTD. *v.* UNITED STATES

**No. 6078.**—Invoice dated Shanghai, China, April 19, 1941.
　　　　Certified April 19, 1941.
　　　　Entered at Los Angeles, Calif., May 17, 1941.
　　　　Entry No. 5732.

(Order dated December 6, 1944)

*Harper & Harper* (*Charles J. Evans* of counsel) for the plaintiff, against the motion.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant, for the motion.

#### ORDER

COLE, Judge: This case was decided by me on October 25, 1944 (Reap. Dec. 6063), when it was found that the addition of 3.17 per centum to the appraised value of 71½ cents (Shanghai currency) per square foot, plus packing, on grass rugs exported from Shanghai, China, resulted from conversion of currency by the appraiser, an action exceeding that official's statutory authority, *Sabine Transportation Co., Inc., et al.* v. *United States*, 1 Cust. Ct. 641, Reap. Dec. 4409, and *United States* v. *C. J. Tower & Sons*, 8 Cust. Ct. 681, Reap. Dec. 5615. It was therefore held that such addition was "not an element forming part of dutiable market value, section 402 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402)."

Defendant has filed a motion for rehearing, and in the memorandum in support thereof, counsel argues as follows, attempting to

support the appraiser's addition as an increase in the *per se* value of the merchandise:

> What the appraiser apparently did was to appraise the merchandise at a unit value based upon an agreed rate of exchange between the shipper or exporter and the importer. In other words, had the appraiser multiplied 71½ cents by 1.0317 it would have produced the sum of Shanghai dollars .7376655. Had the appraiser indicated this figure as his appraised value the only question before the court would have been whether or not that figure represented the dutiable export value. \* \* \*.

When the case was originally tried before me at Los Angeles on February 23, 1944, plaintiff called the customs examiner to show how the merchandise was appraised, and, in this connection, the witness testified as follows:

> Q. How was the unit value appraised?—What difference if any was there between the unit value in the invoice and the unit value at which you appraised?— A. Well, it was invoiced at 59¼, and another line at 70¼ Shanghai cents a square foot, and it was appraised at 71½ cents a square foot.
>
> Q. It was appraised at what?—A. Appraised at 71½ cents.
>
> Q. Both items were appraised at 71½?—A. Yes, sir.

On cross-examination by Government counsel, the witness explained the official action by the following further testimony:

> X Q. Does it indicate on the invoice that it was paid for in United States money?—A. Yes, sir.
>
> X Q. And does it give a rate of exchange of the Shanghai dollars and the — A. Yes, sir.
>
> X Q. For the money that was paid in American money?—A. Yes, sir.
>
> X Q. So that you appraised the merchandise at the amounts which the invoice shows was paid in United States money for the Shanghai dollars, which is the currency of the invoice, is that right?—A. Yes, sir.

From the last question and answer of the above-quoted testimony, it would appear that the appraiser's addition of 3.17 per centum was arrived at by converting the amount paid for the merchandise, shown on the invoice in United States dollars, into Shanghai dollars using a fixed rate of exchange, also stated on the invoice. The result, in Shanghai dollars, showed an increase of 3.17 per centum over the unit appraised value.

In the light of positive statements that the merchandise was appraised at 71½ cents a square foot (Shanghai currency), the item in question would not seem to be an advance in the *per se* value of the merchandise, but rather an addition based on the appraiser's calculations converting currency as hereinabove outlined.

On the other hand, if defendant's assumption is what actually happened, then the interests of justice would be best served by having the record clarified to reflect the true condition. The record, as it appears now, presents a set of facts the vagueness of which is greatly emphasized in defendant's memorandum in support of the motion for rehearing.

418

To merely grant the motion may not accomplish the desired result; additional testimony will.

It is therefore ORDERED that the decision and judgment of this court, dated October 25, 1944, be and the same are hereby vacated and set aside, and that the case be set for further hearing and final submission at the Los Angeles docket to be held on February 21, 1945.